IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
ex rel. TIMOTHY BELL #B-70669, )
 )
          Petitioner, )
 )
  v. ) No. 08 C 5622
 )
EDDIE JONES, )
 )
          Respondent. )

## MEMORANDUM ORDER

Timothy Bell ("Bell") has just submitted a new Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. §2254,[1] together with an Application To Proceed In Forma Pauperis ("Application") and a Motion for Appointment of Counsel ("Motion"), with all those documents utilizing court-provided forms that Bell has completed in handwritten form. This memorandum order is issued because Bell's documentation does not provide enough information to enable this Court to determine what action may be appropriate.

In part that uncertainty stems from the fact that earlier this year Bell had filed another Section 2254 petition in Case No. 08 C 2863, a filing that resulted in a dismissal of that Petition and a subsequent appeal by Bell. Because the manner in which Bell has filled out the current Petition form is totally skeletal, it is impossible to tell whether Bell's current filing

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

is "a second or successive application that, under Section 2244(b)(3)(A), must first be tendered to our Court of Appeals for authorization to file."

Here are aspects of the Petition that need supplementation for that and other reasons:

    1. Petition ¶¶1 and 2 identify the "judgment of conviction under attack" as a June 27, 2007 judgment issued by the Cook County Circuit Court, but Bell has not provided a copy of that judgment.

    2. Petition ¶¶9(a) through 9(d) refer to action taken by the Illinois Appellate Court for the First District on direct appeal--but although that response states in part "Please see exhibits #," no exhibits have been provided.

    3. Similarly Petition ¶9(e) refers to the Illinois Supreme Court as also having denied relief, but once again the statement "Please see exhibit #" is also unaccompanied by any documentation.

    4. Finally, Petition ¶¶10 and 11 refer to post-judgment activity by Bell in the Cook County Circuit Court, described as "petition for relief from judgment and void court order."  But Petition ¶11(a) goes on to indicate that no action has been taken on that post-conviction effort.

Under the circumstances, even apart from the "second or successive" question referred to earlier, it is impossible to

determine whether Bell may be pursuing not-yet-exhausted claims, so as to call for a stay or dismissal of the current Petition.

Accordingly this Court is not in a position to take any definitive action on the Petition at this time. It grants Bell until October 28 to cause to be delivered to this Court's chambers the further information referred to in this memorandum order, failing which it will be compelled to dismiss both the Petition and this action without prejudice. In the meantime the Application and Motion will be held in abeyance, although as to the former Bell should be aware from his earlier efforts that no more than a modest $5 filing fee is involved.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 7, 2008