IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

UNITED STATES OF AMERICA              )
ex rel. TIMOTHY BELL #B-70669,        )
                                      )
               Petitioner,            )
                                      )
     v.                               )    No. 08 C 5622
                                      )
JOE MATHY, Acting Warden, et al.,     )
                                      )
               Respondents.           )

                   MEMORANDUM OPINION AND ORDER

    Timothy Bell ("Bell") is an inmate at Pontiac Correctional Center ("Pontiac"), serving a four-year sentence on a conviction for aggravated battery to a peace officer. This pro se 28 U.S.C. §2254 ("Section 2254") action, however, challenges Bell's adjudication as a Sexually Violent Person following his unsuccessful pro se opposition to a petition for such an adjudication--opposition that extended beyond trial to an unsuccessful effort at an appeal.[1] Respondent Acting Warden Joe Mathy has timely complied with this Court's order that required an Answer to Bell's Petition.[2]

---

    [1] On January 8, 2009 our Court of Appeals entered an order denying a certificate of appealability in connection with an earlier Section 2254 proceeding brought by Bell (District Court Case No. 08 C 2863; Court of Appeals Case No. 08-2683). Because that earlier proceeding related to Bell's conviction rather than to the discrete adjudication that is the subject of the current action, this is not a "second or successive" action that must be vetted by the Court of Appeals before it can be entertained at the District Court level.

    [2] Although this Court had not also set a time for any filing beyond the Answer, Rule 5(e) of the Rules Governing

Bell's Section 2254 claims are four in number, charging that the state trial court:

   1. lacked subject matter and personal jurisdiction over Bell when it adjudicated him a Sexually Violent Person;

   2. denied Bell the opportunity to question and impeach the state's witnesses during that proceeding;

   3. denied Bell the opportunity to "challenge" evidence presented during the trial of the issue; and

   4. "hand-picked" the jury and denied Bell the opportunity to eliminate biased jurors.

Because disposition of those claims depends in substantial part on Bell's failure to have exhausted all available state remedies, a threshold look will first be taken at Bell's attempted appeal from the Sexually Violent Person adjudication.

After that adjudication by the state trial court was made on October 18, 2007, Bell did not launch a timely appeal. Instead, nearly four months later he filed a February 5, 2008 motion seeking leave to initiate an otherwise time-barred appeal. That belated effort was twice rejected by the Illinois Appellate Court, initially on March 3, 2008 and then via an April 9 denial

---

Section 2254 Cases in the United States District Courts now permits petitioners to submit replies to respondents' answers. Bell has just done so (although he calls it an "Answer to Respondent's Answer," this opinion will follow the Rule 5(e) terminology by calling it a "Reply"). As the ensuing discussion reflects, this opinion has taken Bell's Reply into account in reaching its ultimate conclusion.

of Bell's motion for reconsideration of the initial rejection.[3]

Bell seeks to explain--indeed to justify--that tardiness by asserting that his effort to appeal earlier was stymied by the state trial court, the result of a mixup in case numbers that was only caught later by the Clerk of the Illinois Supreme Court when Bell sought leave to appeal there. But this Court has obtained from the Illinois Appellate Court copies of Bell's motion for leave to file a late appeal and his motion for reconsideration of that court's denial (documents that Bell had not tendered to this Court), and it has reviewed those papers in conjunction with Bell's motion for leave to appeal to the Illinois Supreme Court on June 11, 2008.

What the state court documents reflect is that the Illinois Appellate Court twice turned Bell away for an independent and adequate state ground. And even if Bell were to be given the benefit of the doubt by viewing that twofold rejection as somehow suspect because of some confusion as to case numbering, Bell cannot escape the consequences of the Illinois Supreme Court's having thereafter denied leave to appeal on September 24, 2008, <u>after</u> that case numbering question had been cleared up. There is no possible basis for arguing that the Supreme Court's action rested on anything other than an independent and adequate state

---

[3] Counsel for respondent Acting Warden Joe Mathy has also verified that nothing further was tendered to the Appellate Court by Bell thereafter.

3

law footing.

Bell's failure to have raised his claims at each level of the state court system via direct appeal on a timely basis bars those claims as procedurally defaulted, making Section 2254 federal habeas relief unavailable. As the examples cited and quoted in respondent's Answer illustrate, our Court of Appeals may vary the precise language it employs in that respect, but the message is always the same:

> "Under 28 U.S.C. §2254, before a state habeas petitioner is allowed to pursue his claims in federal court, he must exhaust his remedies in the state courts" (Guest v. McCann, 474 F.3d 926, 929 (7th Cir. 2007)).
>
> \*    \*    \*
>
> "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies" (Lewis v. Sternes, 390 F.3d 1019, 1025 (7th Cir. 2004), quoting Picard v. Connor, 404 U.S. 270, 276 (1971)).

Those holdings simply implement the seminal teaching in O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)(cited and quoted, for example, in Guest, 474 F.3d at 930).

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

Here Bell did not give the state courts the required

opportunity within the requisite time frame, and he cannot escape dismissal on procedural default grounds by invoking either of the two exceptions to that doctrine: either a showing of cause and resulting prejudice or the existence of a fundamental miscarriage of justice (see, e.g., Johnson v. Loftus, 518 F.3d 453, 455-56 (7th Cir. 2008)). Here Bell's default is ascribable solely to his decision to proceed pro se and his failure to file a timely notice of appeal, and neither Bell nor the nature of his claims even suggests that he is actually "innocent" of the Sexually Violent Person allegations.

That then dispatches Bell's asserted second, third and fourth grounds for relief. As for the first ground, an argument might conceivably be contrived that Bell's claim of the total absence of subject matter jurisdiction could arguably trump a procedural default. But there is no need to confront even that possibility, for Bell's claim on that score is fatally flawed in any event.

In that respect what Bell labels as jurisdictional flaws pose questions of Illinois state law, rather than the federal Constitutional issues that are cognizable in Section 2254 proceedings. Subject matter jurisdiction of the Illinois Circuit Court is both conferred and prescribed by the Illinois Constitution (see, e.g., Belleville Toyota, Inc. v. Toyota Motors Sales, USA, Inc., 199 Ill.2d 325, 334, 770 N.E.2d 177, 184

5

(2002)).[4]

On that score Bell's Reply asserts that 405 ILCS 5/3-100 deprived the state court addressing the Sexually Violent Person issue of jurisdiction because he had been charged with a felony. But as the October 18, 2007 Sexually Violent Person Judgment and Commitment Order reflects, that proceeding was brought under the Sexually Violent Persons Act ("Act")--725 ILCS 207/1 to 207/99--and not under the statute that Bell cites. Indeed, such proceedings under the Act are expressly authorized to take place as to persons in Bell's status.

Hence it appears clear that Bell is simply wrong on his jurisdictional claim. But whether or not that is so, that question is one of state law rather than federal law and thus is not grist for the federal habeas mill.

That same analysis is equally fatal to Bell's argument about the lack of in personam jurisdiction in the state court proceeding. Quite apart from the dubious nature of that contention on the merits, any such question of in personam jurisdiction is by definition a function of state statute rather than the federal constitution (save perhaps where due process is at issue, as to which the point just made in n.4 applies with

---

[4] Any possible effort to turn that issue into a federal question (as for example by labeling the matter as implicating due process) would face the same insurmountable procedural default hurdle that has doomed Bell's other three grounds.

equal force.

Hence Bell's first claim fails as well.  And that means Bell's entire Section 2254 petition must be and is dismissed. This Court so orders.[5]

```
                          _____
                          Milton I. Shadur
                          Senior United States District Judge
```

Date:  January 14, 2009

---

[5] Bell's pending motion for appointment of counsel (Dkt. 3) is denied as moot.