IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. TIMOTHY BELL #B-70669, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 08 C 5622 |
| JOE MATHY, Acting Warden, et al., | ) ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION AND ORDER

On January 14, 2009 this Court issued a memorandum opinion and order ("Opinion") reviewing in detail, and ultimately dismissing, the 28 U.S.C. §2254 ("Section 2254") Petition by pro se plaintiff Timothy Bell ("Bell") that "challenges Bell's adjudication as a Sexually Violent Person following his unsuccessful pro se opposition to a petition for such an adjudication--opposition that extended beyond trial to an unsuccessful effort at an appeal" (Opinion at 1).[1] Now Bell has filed a motion for reconsideration of that decision, setting out a number of respects in which this Court had assertedly "errored."

Bell's current motion, which seeks to argue merits-related issues, does not come to grips with the legal ground that called

---

[1] As Opinion at 1 n.1 found, Bell's earlier Section 2254 petition--dismissed by this Court and then rejected by our Court of Appeals' denial of a certificate of appealability--did not cause his current effort to be "a 'second or successive' action that must be vetted by the Court of Appeals before it can be entertained at the District Court level."

for dismissal of much of his Petition: the independent and adequate state law grounds that had caused the Illinois courts to deny him relief. As for Bell's other arguments, they too do not support reconsideration in light of (1) the principles set out in such cases (cited and quoted in Opinion at 4) as Guest v. McCann, 474 F.3d 926, 929 (7th Cir. 2007), Lewis v. Sternes, 390 F.3d 1019, 1025 (7th Cir. 2004) and O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) and in such cases (cited in Opinion at 5) as Johnson v. Loftus, 518 F.3d 453, 455-56 (7th Cir. 2008) and Belleville Toyota, Inc. v. Toyota Motors Sales, USA, Inc., 199 Ill.2d 325, 334, 770 N.E.2d 177, 184 (2002) and (2) the limited role properly accorded to motions for reconsideration, aptly summarized in Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

Accordingly, Bell's motion for reconsideration, which given its timing appears to call for treatment as a Fed. R. Civ. P. 60(b) motion but would also call for rejection if it qualified under Rule 59(e), is denied. This Court's decision, as set out in the Opinion, stands.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 6, 2009